UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DAUTEUIL,<br><br>        Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>        Defendant. | Case No. CV 10-3041-PJW<br><br>MEMORANDUM OPINION AND ORDER |

## I. INTRODUCTION

Before the Court is Plaintiff's appeal of a decision by Defendant Social Security Administration ("the Agency"), denying his application for Supplemental Security Income ("SSI"). Plaintiff claims that the Administrative Law Judge ("ALJ") erred when he: 1) found that Plaintiff failed to follow his prescribed treatment; and 2) rejected the treating and examining doctor's opinions. For the following reasons, the case is remanded to the Agency for further proceedings consistent with this opinion.

## II. BACKGROUND

In January 2006, Plaintiff applied for SSI, alleging that he had been unable to work since September 2004, due to ADD, dyslexia, anxiety, bad back, bad neck, bad elbow, depression, migraines, and internal bleeding. (Administrative Record ("AR") 58-65, 103.) The Agency denied the application initially and again on reconsideration. (AR 35-39, 45-49.) Plaintiff then requested and was granted a hearing before an ALJ. (AR 34.) On October 18, 2007, Plaintiff appeared with a non-attorney representative at the hearing and testified before the ALJ. (AR 313-34.) On November 29, 2007, the ALJ issued a decision to deny benefits. (AR 9-19.) After the Appeals Council denied Plaintiff's request for review (AR 4-6), he commenced this action.

## III. ANALYSIS

### A. The ALJ Erred in Finding That Plaintiff Failed to Follow His Prescribed Treatment

In his first claim of error, Plaintiff argues that the ALJ erred when he found that Plaintiff had failed to follow his prescribed mental health treatment regimen. (Joint Stip. at 3-5.) The Agency disagrees. (Joint Stip. at 11-12.) For the following reasons, the Court finds that the ALJ erred and that this error warrants remand.

Between August and October 2007, Plaintiff was treated by psychiatrist Patricia Grogan. (AR 288-310.) Dr. Grogan prescribed several medications to treat Plaintiff's impairments, including Invega, Geodon, and Lexapro. (AR 297, 304, 310.) Dr. Grogan's records reflect that Plaintiff was compliant with the medication regimen. (AR 288-310.)

In his decision denying disability, the ALJ found that Plaintiff was not compliant. (AR 17.) This finding is not supported by any evidence in the record and, thus, was in error.

The Agency disagrees. However, it does not argue that there are any records that show that Plaintiff was not compliant with the medications prescribed by Dr. Grogan. It argues, instead, that what the ALJ must have been referring to was the fact that Plaintiff had taken medications as a child and had stopped when he became an adult. (Joint Stip. at 11.) The Court's reading of the record and the ALJ's decision does not support this interpretation. It seems clear that the ALJ was misreading Dr. Grogan's records when he concluded that Plaintiff was not compliant. As such, the Court finds that the ALJ erred.

That finding does not end the inquiry, however. The fact that the ALJ erred in interpreting the record does not necessarily lead to a finding that the decision should be reversed. Reversal is warranted only if the error had an impact on the ALJ's disability determination. *See Stout v. Comm'r*, 454 F.3d 1050, 1055 (9th Cir. 2006) (noting, in the Social Security context, an error is harmless if it is "inconsequential to the ultimate non-disability determination."); *see also Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (holding error in finding an impairment non-severe at step two was harmless when ALJ accounted for resulting limitations later in sequential evaluation process).

The parties disagree on the impact of the ALJ's error. Plaintiff claims that the ALJ's finding that Plaintiff was not compliant with his medications permeated the entire decision. (Joint Stip. at 14.) The Agency believes the ALJ's error was limited to the credibility

finding (Joint Stip. at 11), a finding Plaintiff has not challenged here. The Court finds that the truth lies somewhere in the middle. As the ALJ explained:

> The claimant's failure to follow his prescribed mental health medication regime is disturbing, particularly given that the record indicates that the regime is effective. The regulations require that in cases where the claimant does not follow the prescribed treatment without good reason, the Administrative Law Judge will not find a claimant disabled (20 CFR §§ 404.1530(b), 416.930(b)). Although it is not my sole cause for finding the claimant not disabled, it does damage his overall credibility, and his statements of mental incapacity in particular.

(AR 17.)

A fair reading of this language from the ALJ's decision suggests that the ALJ's belief that Plaintiff was non-compliant had an impact on more than just the credibility issue and went to the issue of disability as well. As such, the ALJ's error was not harmless and remand on this issue is warranted. *Stout*, 454 F.3d at 1055.

B. <u>The Treating and Examining Doctors' Opinions</u>

Plaintiff contends that the ALJ erred when he rejected the treating psychiatrist's and the examining psychologist's opinions and relied instead on the nonexamining psychiatrist's opinion. (Joint Stip. at 6-9.) For the following reasons, the Court agrees.

"By rule, the [Agency] favors the opinion of a treating physician over non-treating physicians." *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007); *see also Morgan v. Comm'r*, 169 F.3d 595, 600 (9th Cir. 1999) (explaining that a treating physician's opinion "is given

1  deference because 'he is employed to cure and has a greater
2  opportunity to know and observe the patient as an individual'"
3  (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987))).  For
4  this reason, a treating physician's opinion regarding a claimant's
5  medical condition that is well-supported and not inconsistent with
6  other substantial evidence in the record will be given controlling
7  weight.  *Orn*, 495 F.3d at 631; *Embrey v. Bowen*, 849 F.2d 418, 421 (9th
8  Cir. 1988).  That being said, however, an ALJ may reject a treating
9  doctor's opinion that is not contradicted by another treating or
10 examining doctor's opinion for clear and convincing reasons.  *Lester
11 v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *Magallanes v. Bowen,* 881
12 F.2d 747, 751 (9th Cir. 1989).  As to examining physicians, they, too,
13 are entitled to deference.  But an ALJ may discount the opinion of an
14 examining doctor that is not contradicted by a treating or examining
15 doctor for clear and convincing reasons.  *Lester,* 81 F.3d at 830.
16     In February 2006, consulting psychologist Leslie Roman examined
17 and tested Plaintiff and concluded that he suffered from anxiety
18 disorder.  (AR 167-72.)  According to Dr. Roman, Plaintiff: 1) was
19 capable of remembering very short and simple instructions; 2) would be
20 limited in his ability to sustain attention and concentration for
21 extended periods of time; 3) would have difficulty getting along with
22 co-workers; and 4) would not be able to respond appropriately to
23 changes in a work setting over an extended period of time.  (AR 171.)
24     In June 2006, nonexamining psychiatrist Robert Hood reviewed the
25 medical records, including Dr. Roman's, and concluded that Plaintiff:
26 1) could understand and remember simple tasks for two hour increments;
27 2) could maintain simple tasks for a forty hour workweek; 3) was
28

limited, but not significantly limited, in social/public contact; and 4) could adapt to usual workplace changes.  (AR 149-165.)

In October 2007, Dr. Grogan completed a form setting out her opinion of Plaintiff's capabilities and concluded that Plaintiff was "seriously limited, but not precluded" from: 1) working in coordination with/or proximity to others without being unduly distracted; 2) completing a normal workday and workweek without interruptions from psychologically based symptoms; 3) accepting instructions and responding appropriately to criticism from supervisors; 4) getting along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes; 5) dealing with normal work stress; 6) interacting appropriately with the general public; and 7) maintaining socially appropriate behavior.  (AR 290-91.)

The ALJ relied on the opinion of the non-treating, nonexamining psychiatrist, Dr. Hood, to conclude that Plaintiff had mild restrictions in activities of daily living, moderate difficulties in maintaining social functioning, and mild difficulties in maintaining concentration, persistence, and pace.  (AR 17.)  Plaintiff argues that this was error.  The Court agrees.

Though the ALJ was not bound to accept Dr. Grogan's or Dr. Roman's opinions, in order to discount them he had to provide clear and convincing reasons that were supported by substantial evidence. *Lester,* 81 F.3d at 830.  The ALJ failed to do so here.  As to Dr. Grogan's opinion, though the ALJ claimed to be deferring to her opinion (AR 17 ("I grant Dr. Grogan's opinion greater evidentiary weight than [Dr. Roman's] . . . .")), it is clear that he did not give Dr. Grogan's opinion much weight at all.  Dr. Grogan viewed Plaintiff

as seriously limited in most aspects of work. (AR 290-91.) The ALJ ignored those findings when he concluded that, in fact, Plaintiff was only mildly limited in critical work functions. (AR 17.) Nowhere does he explain why he relied on the non-treating, nonexamining doctor to reach this conclusion.

And his silent rejection of Dr. Roman's opinion is equally unsupportable. Dr. Roman examined Plaintiff and administered four psychological tests. (AR 167-72.) She concluded, in essence, that Plaintiff was not capable of working. (AR 171.) The ALJ seemingly ignored that opinion in determining that Plaintiff could work.

The Agency implicitly acknowledges that the ALJ overlooked this opinion when it argues that he was not required to address it because it was not "reasonably probative." (Joint Stip. at 13.) This argument is rejected. First, Dr. Roman's opinion was directly probative of the issue of Plaintiff's ability to work. Accepting her opinion at face value--that Plaintiff would have difficulty with attention and concentration for long periods of time, would have difficulty getting along with co-workers, and would not be able to respond to changes in the work environment--one would have to conclude that Plaintiff could not handle the stresses of a job. Second, because she was an examining doctor, her opinion was entitled to greater weight than Dr. Hood's and could only be rejected for clear and convincing reasons that were supported by substantial evidence in the record. *Lester*, 81 F.3d at 830-31. The ALJ provided no reasons for rejecting her opinion and, therefore, he erred. Further, the error was not harmless because, had he accepted Dr. Roman's opinion, he would likely have found Plaintiff disabled. *Stout*, 454 F.3d at 1055.

IV. CONCLUSION

For these reasons, the Agency's decision that Plaintiff was not disabled and was not entitled to benefits is reversed and the action is remanded for further consideration consistent with this Memorandum Opinion and Order.[1]

IT IS SO ORDERED.

DATED: August 2, 2011.

*Patrick J. Walsh*
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-CLOSED\Closed-Soc Sec\DAUTEUIL, S 3041\Memo_Opinion.wpd

---

[1] Plaintiff has requested that the Court reverse the decision and remand for an award of benefits. The Court recognizes that it has the authority to grant that relief but does not find that that relief is not warranted here. There are too many issues that need to be resolved before it will be clear whether or not Plaintiff is entitled to benefits.